**[J-41-2014] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| MICHAEL AND DEBORAH CONWAY, H/W, | : No. 80 MAP 2013 |
| | : |
| | : Appeal from the order of the Superior |
| Appellees | : Court at No. 803 EDA 2012, dated |
| | : November 5, 2012, reversing and |
| | : remanding the order of the Bucks County |
| v. | : Court of Common Pleas, Civil Division, at |
| | : No. 2011-05465, dated February 15, 2012. |
| | : |
| THE CUTLER GROUP, INC. D/B/A THE | : |
| DAVID CUTLER GROUP, INC., | : |
| | : |
| Appellant | : ARGUED:  May 7, 2014 |

**CONCURRING OPINION**

**MR. JUSTICE BAER**                           **DECIDED:   August 18, 2014**

I join the Majority Opinion, which declines to extend the implied warranty of habitability beyond the original purchaser of a newly constructed residence.  I write separately, however, to point out that the General Assembly has already acted to protect subsequent home purchasers from defects in residential structures that affect the habitability of the home by enacting the Real Estate Seller Disclosure Law ("RESDL"), 68 Pa.C.S. §§ 7301-7315.  Accordingly, I agree with the Majority that we need not extend the implied warranty of habitability at this time, and that any further protection afforded to subsequent buyers should be accomplished through legislation, after examination of the policy considerations at issue.

As cogently noted by the Majority, in 1972, this Court adopted the implied warranty of habitability as applied to the original purchaser of a new home in the seminal case of Elderkin v. Gaster, 288 A.2d 771 (Pa. 1972).   We reasoned that

purchasers justifiably rely on the skill of the developer who has a better opportunity to examine the suitability of the home site and determine what measures should be taken to provide a home fit for habitation. We opined that the doctrine of *caveat emptor* was anachronistic as applied to the purchase of a new home, and that the position of the builder dictates that he bear the risk that the home he has constructed will be functional and habitable in accordance with contemporary community standards. Thus, we held that "the builder-vendor impliedly warrants that the home he has built and is selling is constructed in a reasonably workmanlike manner and that it is fit for the purpose intended - habitation." Id. at 777.

Subsequent to our Elderkin decision, the General Assembly enacted the comprehensive RESDL, which requires the seller, as opposed to the builder of a residence, to disclose to the buyer "any material defects with the property." 68 Pa.C.S. § 7303. The RESDL enumerates sixteen subjects requiring disclosure, relating to various aspects of the property, including, *inter alia*, the roof, basement, termites, sewage, electrical and heating systems, as well as the presence of hazardous substances. Id. § 7304. Significantly, the RESDL disclosure requirements do not generally apply to a builder selling a home to the original purchaser, see id. § 7302 (providing that the RESDL does not generally apply to "[t]ransfers of new residential construction that has not been previously occupied"). Rather, the original purchaser is protected by the implied warranty of habitability.[1] I presume the Legislature recognized

---

[1] While I recognize that the RESDL does not (and obviously would not) require divulgence of latent defects in the property unknown to the seller, the General Assembly, nonetheless, afforded substantial protections to subsequent purchasers. The fact that these considerable safeguards are couched as disclosures, rather than warranties, reflects legislative prerogative.

the judicially decreed warranty benefitting the first purchaser when it designated its statutory protection of all subsequent home buyers.

Given that the Legislature has created a comprehensive scheme to protect subsequent home buyers from defects in residential structures that affect the habitability of the home, I agree with the Majority that it is preferable for the General Assembly, rather than this Court, to engage in the policy determinations involving expanding or contracting available remedies to remote purchasers, which would purportedly reduce or eliminate the need for the statutorily mandated disclosures.

Mr. Justice Stevens joins this concurring opinion.